IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03106-BNB

MACK MOZIAH GARREY, also known as Perkins Bey,

    Plaintiff,

v.

RICHARD G. COLLAHON,
JEREMIAH (JAY) NIXON, Governor,
TERRY ATCHENSON, Officer,
GOEBEL, Lieutenant,
AMY RODERICH, Missouri Investigation Unit,
SUSAN COOPER,
TANYA KEMPKER,
JOHN RAMSEY,
PATSY RAMSEY,
JEAN CORNAHAN,

    Defendants.

## ORDER TRANSFERRING CASE

    Plaintiff, Mack Moziah Garrey, filed *pro se* a Complaint [Doc. # 1] challenging the legality of his convictions in a Missouri state court. For relief, Mr. Garrey asks this Court to vacate the convictions. Mr. Garrey also appears to assert claims against the Missouri governor and Missouri police officers, among others.

    The Court must construe the complaint liberally because Mr. Garrey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing the complaint liberally, it is apparent that venue is not proper in the District of Colorado.

    A state prisoner who challenges his state court conviction must seek habeas

corpus relief under 28 U.S.C. § 2254.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Petitions under § 2254 are used to collaterally attack the validity of a conviction and sentence.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  The only proper respondent in a habeas corpus action is the prisoner's custodian.  *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

In addition, 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Mr. Garrey must challenge his state criminal convictions in Missouri, where he is incarcerated.

Mr. Garrey also purports to state claims against Defendants who are officers of

2

the state of Missouri. Although Mr. Garrey makes tangential allegations about the murder investigation of Jon Benet Ramsey and names John and Patsy Ramsey as Defendants, his conclusory and largely unintelligible assertions are not enough to establish proper venue in the District of Colorado. The Court therefore finds that venue is appropriate in a federal district court in Missouri and not the District of Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that this action could, and should, be brought in the United States District Court for the Western District of Missouri, the judicial district in which Jefferson, Missouri, is located. *See* 28 U.S.C. § 105(b). The Court also finds that it would be in the interest of justice to transfer this case to the Western District of Missouri rather than to dismiss it. Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this  20th  day of    November   , 2013.

                            BY THE COURT:

                               s/Lewis T. Babcock
                            LEWIS T. BABCOCK, Senior Judge
                            United States District Court